**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. SHERMAN JOSEPH LaVALLIE, Jr., Defendant. | CR-09-56-GF-BMM  ORDER |

The Court referred this case to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered findings and recommendations on January 22, 2014. Doc. 45.

The United States charged Sherman Joseph LaVallie, Jr. (LaVallie) with violating his supervised release conditions by failing to complete sex offender treatment. LaVallie admitted to the violation. Judge Strong found the admission sufficient to establish the supervised release violation. Judge Strong recommended that this Court revoke LaVallie's supervised release and commit him to the custody of the United states Bureau of Prisons for a term of imprisonment of 6 months, and remain on lifetime supervision after his release. The Court reviewed Judge

1

Strong's findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach, Inc.*, 655 F.2d 1309, 1319 (9th Cir. 1981).

This Court agrees with the majority of Judge Strong's findings. LaVallie admitted that he violated the conditions of his supervised release by not completing sex offender treatment. The United States Sentencing Guidelines recommend 3 to 9 months imprisonment. The Court deems a sentence of 6 months with continued lifetime supervision appropriate because the violation is the second violation that LaVallie has committed since his release. A sanction at the middle of the guideline range is warranted by the second violation, which jeopardizes Mr. LaVallie's rehabilitation, and, by extension, the safety of the community. Keeping LaVallie on lifetime supervised release may provide the community with some measure of protection. LaVallie's allocution before Judge Strong clearly establishes LaVallie's need to change his life and obey the laws.

This Court further determines that some of Judge Strong's special conditions are clearly erroneous in light of recent Ninth Circuit case law. Judge Strong determined that the special conditions previously imposed should be continued. This Court has modified two of these conditions. First, in special condition number one, the words "including physiological testing" shall be removed pursuant to *United States v. Roybal*, 737 F.3d 621 (9th Cir. 2013). Second, special condition number two shall be modified to read as follows:

> Defendant shall not be allowed to do the following without prior written approval of United States Probation following consultation with the Defendant's sex offender treatment provider: knowingly reside in the home or residence, or be in the company of any child under the age of 18, with the exception of his own children; or go to or loiter within 100 feet of school yards, parks, playgrounds, arcade, or other places primarily used by children under the age of 18.

This language comports with *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012).

**IT IS HEREBY ORDERED** that Judge Strong's Findings and Recommendations, Doc. 45, are **ADOPTED,** with the exceptions pertaining to LaVallie's special conditions noted in this order. Judgment shall be entered accordingly.

DATED this 11th day of February, 2014.

_____
Brian Morris
United States District Court Judge