IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHERMAN JOSEPH LaVALLIE, Jr.,<br><br>Defendant. | CR 09-56-GF-BMM-01<br><br>FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE |

## I. Synopsis

Mr. LaVallie was charged with violating his supervised release conditions by failing to complete sex offender treatment. He admitted to the violation. Mr. LaVallie's supervised release should be revoked. He should be incarcerated for eight months and should remain on lifetime supervision after his release.

## II. Status

Mr. LaVallie pleaded guilty in 2009 to Abusive Sexual Contact. (Doc. 14.) He was sentenced to 36 months of incarceration and lifetime supervised release. (Doc. 22.) Mr. LaVallie's supervised release was revoked in July 2012 because he attended a church function where children were present without permission from his sex offender therapist and consumed alcohol on a separate occasion. (Docs. 24,

1

35.) Mr. LaVallie was incarcerated for nine months as a sanction for the violations. (Doc. 36.) He resumed supervised release on March 29, 2013. (Doc. 39.)

On February 11, 2014, his supervised release was revoked because he violated his conditions by failing to complete a sex offender treatment program. He was sentenced to six months of custody and lifetime supervision. (Doc. 48.) His current term of supervised release began on July 18, 2014. (Doc. 50.)

**Petition**

The United States Probation Office filed a petition on May 12, 2016, requesting revocation of Mr. LaVallie's supervised release. The petition alleged that Mr. LaVallie violated his supervised release by failing to complete sex offender treatment. It alleged he was terminated from treatment because he violated its policies by possessing a cellular phone with internet capabilities and entering into a sexual relationship without the permission of his treatment provider. (Doc. 50.) Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. LaVallie's arrest. (Doc. 51.)

**Initial appearance**

Mr. LaVallie was arrested on May 13, 2016, and made an initial appearance before the undersigned on May 16, 2016. He was accompanied by Federal

Defender R. Henry Branom, who was appointed as counsel. The United States was represented by Assistant United States Attorney Jessica Betley. Mr. LaVallie said he had read the petition and understood the allegations. Ms. Betley warned Mr. LaVallie that he could be incarcerated for up to five years if his supervised release is revoked. Mr. LaVallie waived his right to a preliminary hearing.

The undersigned informed Mr. LaVallie of his rights, including the right to a revocation hearing. Mr. Branom said he and Mr. LaVallie were prepared to proceed immediately to the revocation hearing. Ms. Betley was also prepared to proceed. Both parties consented to have the hearing before the undersigned, and the revocation hearing commenced.

**Revocation hearing**

Mr. LaVallie was present at the revocation hearing with Mr. Branom. Ms. Betley represented the United States. Mr. LaVallie admitted to violating his conditions of supervised release, as alleged in the petition.

Mr. LaVallie's admission establishes a violation; he appeared to make the admissions knowingly and after consultation with his attorney. The violation merits revocation of Mr. LaVallie's supervised release.

Mr. LaVallie's violation grade is C, his criminal history category is I, and the underlying violation is a Class A felony. He could be incarcerated for up to 60

months. The United States Sentencing Guidelines call for three to nine months imprisonment. U.S. Guidelines Manual, Ch. 7. Mr. LaVallie was already placed on lifetime supervised release, so supervision should continue after his release from any custodial term imposed. Mr. Branom and Ms. Betley agreed with that statement of potential penalties.

Mr. Branom requested a sanction of incarceration at the middle of the guideline range. Mr. Branom noted that Mr. LaVallie has been committed to lifetime supervision, so additional custodial time is not appropriate on that basis. Mr. Branom argued that Mr. LaVallie has made progress: he has a job, and it has been almost two years since his last revocation.

Mr. LaVallie addressed the Court. He said he is not a bad person or a failure and he will rise above this. He wants to become a better person and succeed. He said he was afraid to tell his treatment provider about his sexual relationship because he thought she would not approve of it.

Ms. Betley requested a sanction of nine months incarceration. She said that his failure to complete sex offender treatment is concerning. She argued that his repeated failure to abide by this key condition justifies a sanction at the high end of the guideline range.

**Analysis**

Mr. LaVallie's supervised release should be revoked. He admitted to a serious violation of the conditions. Mr. LaVallie should be ordered into custody for eight months. A sanction at the top of the guideline range is warranted by this third violation, which jeopardizes Mr. LaVallie's rehabilitation and, by extension, the safety of the community.

Mr. LaVallie should remain on lifelong supervised release, as previously ordered. The conditions previously imposed should be maintained. The special conditions were read in open court and are fully set forth in the attached judgment.

**Conclusion**

Mr. LaVallie was informed that the sanction described above would be recommended to United States District Judge Brian Morris, who will ultimately decide whether to revoke supervised release and what, if any, sanction to impose. Mr. LaVallie was advised that he has a right to object to the Findings and Recommendations within 14 days of their issuance, and that Judge Morris will not make his decision without considering Mr. LaVallie's objection if it is properly filed within the allotted time.

The undersigned makes the following **FINDING:**

Mr. LaVallie violated Special Condition 1 of his supervised release by

failing to complete sex offender treatment, as he was terminated from the program on May 6, 2016, for non-compliance with program policies.

The undersigned **RECOMMENDS:**

1. The District Court enter the attached Judgement, revoking Mr. LaVallie's supervised release and committing Mr. LaVallie to the custody of the United States Bureau of Prisons for a term of imprisonment of eight months, with lifetime supervised release to follow.

2. The District Court should continue those conditions of supervised release previously imposed, as fully set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO
FINDINGS & RECOMMENDATIONS AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and

Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 23rd day of May, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge