IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHERMAN JOSEPH LaVALLIE, Jr.,<br><br>Defendant. | CR 09-56-GF-BMM-01<br><br>FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE |

## I. Synopsis

The United States accused Mr. LaVallie of violating his conditions of supervised release by failing to complete sex offender treatment. He admitted to the violation. Mr. LaVallie's supervised release should be revoked. He should be incarcerated for six months and should remain on lifetime supervision after his release.

## II. Status

Mr. LaVallie pleaded guilty in 2009 to Abusive Sexual Contact. (Doc. 14.) He was sentenced to 36 months of incarceration and lifetime supervised release. (Doc. 22.) Mr. LaVallie's supervised release was revoked in July 2012 because he attended a church function where children were present without permission from

his sex offender therapist and consumed alcohol on a separate occasion. (Docs. 24, 35.) Mr. LaVallie was incarcerated for nine months as a sanction for the violations. (Doc. 36.) He resumed supervised release on March 29, 2013. (Doc. 39.)

On February 11, 2014, his supervised release was revoked because he violated his conditions by failing to complete a sex offender treatment program. He was sentenced to six months of custody and lifetime supervision. (Doc. 48.) His current term of supervised release began on July 18, 2014. (Doc. 50.)

On June 16, 2016, United States District Judge Brian Morris revoked Mr. LaVallie's supervised release because he was terminated from sex offender treatment. (Doc. 61.) Judge Morris sentenced him to eight months in custody followed by lifetime supervised release. (Doc. 59.) His current term of supervised release began on January 12, 2017.

**Petition**

The United States Probation Office filed a petition on May 10, 2017, requesting revocation of Mr. LaVallie's supervised release. The petition alleged that Mr. LaVallie violated his supervised release by failing to complete sex offender treatment. (Doc. 63.) Based on the petition, Judge Morris issued a warrant for Mr. LaVallie's arrest. (Doc. 64.)

2

**Initial appearance**

Mr. LaVallie made an initial appearance before the undersigned on May 16, 2017. He was accompanied by Federal Defender R. Henry Branom. The United States was represented by Assistant United States Attorney Jared Cobell. Mr. LaVallie said he had read the petition and understood the allegations. Mr. LaVallie waived his right to a preliminary hearing. Both parties consented to have the revocation hearing before the undersigned.

**Revocation hearing**

Mr. LaVallie admitted to violating his conditions of supervised release. Mr. LaVallie's violation grade is C, his criminal history category is I, and the underlying violation is a Class A felony. He could be incarcerated for up to sixty months. The United States Sentencing Guidelines call for three to nine months imprisonment.

Mr. Branom requested a sentence at the middle of the guideline range. Mr. LaVallie exercised his right of allocution and stated he had a bad attitude when he first began supervision but now he wants to give life his best shot. Mr. Cobell requested a sentence at the middle of the guideline range.

**Analysis**

Mr. LaVallie's supervised release should be revoked because he admitted to

a serious violation of the conditions. Mr. LaVallie should be ordered into custody for six months, with lifetime supervision to follow.

## Conclusion

Mr. LaVallie was informed that the sanction described above would be recommended to United States District Judge Brian Morris, who will ultimately decide whether to revoke supervised release and what, if any, sanction to impose. Mr. LaVallie was advised that he has a right to object to the Findings and Recommendations within 14 days of their issuance, and that Judge Morris will not make his decision without considering Mr. LaVallie's objection if it is properly filed within the allotted time.

>The undersigned makes the following **FINDING:**
>
>>Mr. LaVallie violated the conditions of his supervised release by failing to complete sex offender treatment.
>
>The undersigned **RECOMMENDS:**
>
>>The district court enter the attached Judgement, revoking Mr. LaVallie's supervised release and committing Mr. LaVallie to the custody of the United States Bureau of Prisons for a term of imprisonment of six months, with lifetime supervised release to follow.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 24th day of May 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge